JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-490 AG (SSx) | Date | April 2, 2012 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST, et al. v. RHODA N. DANIEL | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On February 15, 2012, Plaintiffs filed an unlawful detainer action against Defendant in Orange County Superior Court. Defendant, serving as her own counsel, filed a Notice of Removal ("Notice") on March 30, 2012. In the Notice of Removal, Defendant asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Defendant specifically claims that this case arises under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. §§ 5220 *et seq.*

This Court lacks subject matter jurisdiction over Plaintiffs' action for at least two reasons. First, federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir 2004) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)). Because the federal statute here appears in Defendant's state court demurrer, and not in Plaintiffs' Complaint, Plaintiffs' action does not "aris[e] under" the PFTA. *See* 28 U.S.C. § 1331.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-490 AG (SSx) | Date | April 2, 2012 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST, et al. v. RHODA N. DANIEL | | |

Second, courts have repeatedly held that the PFTA does not confer federal subject matter jurisdiction. *See, e.g.*, *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) ("PTFA's provisions do not create a federal claim . . . .")*; Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov.22, 2010) (same).

The Court reminds Defendant that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal by a pro se defendant was "frivolous and unwarranted" and warning "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Because the Court lacks subject matter jurisdiction, the case is ordered REMANDED to Superior Court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |